UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff,

　　v.

ALBERT R. BRUNO,

　　　　　　　Defendant.

Case No. C07-5604-RJB

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the court on Plaintiff's Motion and Memorandum in Support of United States' Summary Judgment. Dkt. 13. The court has considered the relevant documents in support of the motion and the remainder of the file herein.

I. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT:

On March 20, 2009, the plaintiff filed a Motion and Memorandum in Support of United States' Summary Judgment (Dkt. 13) and a Proposed Order for Summary Judgment (Dkt. 13-2). The plaintiff argues that there is no genuine issue as to any material fact in this case and that the United States is entitled to judgment as a matter of law. Dkt. 13 at 4. The plaintiff asserts that

> The material facts in this action are (1) that the Defendant obtained a student loan based on a promissory note executed and delivered to the United States Department of Education; (2) that the Defendant defaulted on said loan; and (3) that the Defendant continues to owe the United States the amounts claimed in the attached proposed Summary Judgment.

Dkt. 13 at 3.

The defendant filed no response in opposition to the plaintiff's motion for summary judgment.

ORDER
Page - 1

1 Under CR 7(d)(3), any opposition papers to dispositive motions shall be filed and served not later than the Monday before the noting date. If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit. CR 7(b)(2). The court should grant the plaintiff's motion for summary judgment because the defendant failed to respond, and, under CR 7(b)(2), this is an admission that the plaintiff's motion has merit.

## II. UNDISPUTED FACTS:

On or around June 26,1990, the defendant executed and delivered a promissory note to secure a student loan from Dollar Bank. Dkt. 13-5. On September 12, 1990, the loan was disbursed for $43,362.74 at 9.00 percent interest per annum. *Id*. at 3. The student loan was guaranteed by the Pennsylvania Higher Education Assistance Agency, otherwise known as American Education Services ("PHEAA/AES"), and reinsured by the United States Department of Education. Dkt. 13-3 at 1. Dollar Bank demanded payment from the defendant according to the terms of the note and credited $0.00 to the outstanding principal owed on the loan. *Id*. On March 19, 1998, Dollar Bank deemed the debt to be in default and filed a claim for reimbursement from PHEAA/AES. *Id*.

On June 12, 1998, PHEAA/AES paid a claim in the amount of $56,612.93 to Dollar Bank. Dkt. 13-3 at 1. From June 12, 1998 to September 17, 1999, PHEAA/AES was successful in collecting a total of eleven payments from the defendant's employer, which resulted in $3,644.03 being applied to the principal balance of $56,612.93, leaving a principal balance amount of $52,968.90. Dkt. 13-7. PHEAA/AES was unsuccessful in collecting the full amount due and, on October 7, 2003, assigned its right and title of the student loan to the United States Department of Education. Dkt. 13-3. After the assignment, the United States Department of Education has credited a total of $51.00 in payments to the balance. *Id*. After application of these payments and as of August 6, 2007, the defendant owes the United States $90,532.50. Dkt. 13-3. PHEAA/AES's records do not indicate that the defendant disputed the outstanding balance of this loan. Dkt. 13-8.

## III. DISCUSSION:

The court has reviewed the plaintiff's uncontested submissions in support of this motion for summary judgment, and these submissions indicate that granting summary judgment is appropriate.

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file,

and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e).

In this matter, there is no dispute as to the following facts: the defendant obtained a student loan based on a promissory note executed and delivered to the United States Department of Education; the defendant defaulted on that student loan; and, the defendant continues to owe the United States the following amount:

    Principal: $ 52,968.90

    Prejudgment interest to August 6, 2007 at 9.00% per annum: $ 37,563.60

    TOTAL: $ 90,532.50

Because there is no dispute as to any material fact, the court should grant the plaintiff's motion for summary judgment.

The plaintiff also requests in its Proposed Order for Summary Judgment (Dkt. 13-2) that the court issue an order stating that (1) interest shall continue to accrue at 9.00% per annum until entry of judgment on the principal amount of $52,968.90; (2) interest accrues on the total judgment from the date of the judgment at the legal rate in effect on the date of judgment, per annum and compounded annually until paid in full; (3) the defendant shall pay the filing fee of $350.00 pursuant to 28 U.S.C. § § 2412(a)(2) and 1914(a); and, (4) the defendant shall pay the docket fees of $20.00 pursuant to 28 U.S.C. § 1923. Because the plaintiff requests this relief and there was no opposition from the defendant, the court should grant this relief.

Nevertheless, the plaintiff did not provide the court with an amount certain for the total judgment against the defendant. Specifically, the plaintiff failed to provide the court with an amount certain for the interest of 9.00% per annum to accrue from August 6, 2007 to the entry of judgment and the legal interest

rate effective on the entry of judgment. The plaintiff should be directed to provide to the court with additional information on (1) an amount certain that incorporates the interest rate of 9.00% per annum to accrue from August 6, 2007 to May 8, 2009 and (2) an amount certain as to the legal interest rate in effect on May 8, 2009.

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion and Memorandum in Support of the United States' Summary Judgment (Dkt. 13; Dkt. 13-2) is **GRANTED** on the issue of liability. Not later than May 8, 2009,

- (1) The plaintiff is **ORDERED** to file supplemental information with the court, which informs the court of the total amount to be awarded against the defendant including interest accrued on the prejudgment award from August 6, 2007, to May 8, 2009, and the legal interest rate as of May 8, 2009.

- (2) The plaintiff is **ORDERED** to provide the court with a Proposed Order For Judgment outlining the components of the requested award including a total amount to be awarded against the defendant as of May 8, 2009.

The Clerk is directed to **STRIKE** the trial date and all pretrial dates for this case. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 22nd day of April, 2009.

Robert J Bryan
United States District Judge